91 F.3d 121
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Juan VELEZ-HERNANDEZ, Defendant, Appellant.
 No. 95-1130.
 United States Court of Appeals, First Circuit.
 July 22, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge ]
 Francisco Serrano Walker on brief for appellant.
 Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa, Senior Litigation Counsel, and Juan A. Pedrosa, Assistant United States Attorney, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, COFFIN, Senior Circuit Judge, and CYR, Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Juan Velez-Hernandez appeals the sentence imposed following his guilty plea to one count of conspiracy to possess with intent to distribute cocaine under 21 U.S.C. §§ 841(a)(1), 846. Velez claims that the district court erroneously ruled that the government did not breach the plea agreement by failing to recommend a downward departure for "substantial assistance." See 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. We affirm.
 
 
 2
 Under his plea agreement, Velez promised to continue truthfully to disclose to the government accurate information related to all unlawful activities in which he and his collaborators were involved, and to refrain from "commit[ting] any offense." The government in turn promised to recommend a downward departure for "substantial assistance" pursuant to 18 U.S.C. § 3553 and U.S.S.G. § 5K1.1.
 
 
 3
 Several months after entering into the plea agreement, Velez was arrested on a new charge, as a felon in possession of a loaded firearm, see 18 U.S.C. § 922(g)(1), to which he pled guilty. Thereafter, Velez provided further information to the government about the earlier cocaine conspiracy, which he had not disclosed as required by the plea agreement. At sentencing, the government declined to move for a "substantial assistance" departure, citing Velez' deliberate withholding of the information relating to the cocaine conspiracy, in direct violation of the plea agreement. The district court rejected Velez' claim that he had forgotten the omitted information. Additionally, the district court determined that Velez' commission of a subsequent offense violated the plea agreement as well. Accordingly, the court ruled that the government had acted in good faith and that Velez' conduct relieved the government of any obligation to recommend a § 5K1.1 downward departure.
 
 
 4
 We need not discuss the Velez challenge to the district court's ruling insofar as it depended on the failure to disclose all information relating to his unlawful activities involving his collaborators, since Velez' failure to refrain from "commit[ting] any offense" inarguably constituted a material breach of the plea agreement sufficient to warrant the government's refusal to recommend a downward departure for substantial assistance.
 
 
 5
 Affirmed.